ACCEPTED
12-16-00186-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/5/2016 5:47:37 PM
Pam Estes
CLERK

## ORAL ARGUMENT NOT REQUESTED

### NO. 12-16-00186-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/5/2016 5:47:37 PM
PAM ESTES
Clerk

### IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

### NAKELDRICK ERSKINE,
APPELLANT

### VS.

### THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-1422-15
FROM THE 7th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

### APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Nakeldrick Erskine

APPELLANT'S TRIAL COUNSEL
   John Jarvis
   326 S. Fannin
   Tyler, Texas 75702

   J. Rex Thompson
   321 W. Houston
   Tyler, Texas 75702
   903-523-8434

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   Morgan Biggs
   Brent Ratekin
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
   Michael West
   Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . ii, iii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE ONE: THE JUDGMENT CONTAINS AN INCORRECT CALCULATION OF COURT COSTS.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Law on Court Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . 7, 8
D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . 8

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. §42A.352 (West 2016). . . . . . . . . . . . . . . . 7

TEX. CODE CRIM. PROC. ANN. § 103.009 (a), (c).. . . . . . . . . . . . . . . . . . . . . . 5

TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West 2014).. . . . . . . . . 7

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2015). . . . . . . . . . . . . . 4

TEX. GOV'T CODE ANN. § 102.001-.142 (West 2015). . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE ANN. § 102.021 (West 2013). . . . . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE ANN. § 103.006 (West 2015). . . . . . . . . . . . . . . . . . . . . 5

TEX. HEALTH & SAFETY CODE ANN. §481.115 (a) and (b)(West 2015). . . 2

TEX. HEALTH & SAFETY CODE ANN. §481.112(a) and (d)(West 2015). . . . 3

Tex. LOCAL GOV'T CODE § 133.103 (West 2015). . . . . . . . . . . . . . . . . . . . 7

TEX. PENAL CODE ANN. §12.42(c)(1) (West 2015). . . . . . . . . . . . . . . . . . . 3


CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . . . . . 4

Armstrong v. State, 340 S.W.3d 765.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005).. . . . . . . . 6

Jackson v. Virginia, 443 U.S. 315-16, S. Ct.  99 S. Ct. 2786-787.. . . . . . 6

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim App. 2014.. . . . . . 5, 6

Johnson v. State, 405 S.W.3d 355.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). . . . . . . . . 6

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). . . . 6

Owen v. State, 352 S.W.3d 542, 548 (Tex. App. – Amarillo

2011, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Owen v. State, 352 S.W.3d 547.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . . 4

<u>Williams v. State</u>, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Williams v. State</u>, 332 S.W.3d 698. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>RULES</u>
Tex. R. App. Proc. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. R. App. Proc. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

| NAKELDRICK ERSKINE | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Nakeldrick Erskine, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 007-1422-15 and charged with the first degree felony offense of possession of a controlled substance

1

with intent to deliver.  I CR 4[1]; see TEX. HEALTH & SAFETY CODE ANN. §481.112(a) and (b) (West 2015).  Mr. Erskine entered a plea of guilty without an agreement as to punishment and received forty years confinement.  I CR 60, 63-64; III RR 17, IV RR 61[2].  Notice of appeal was timely filed in on June 14, 2016.  I CR 62.  This Brief is timely filed on or before December 5, 2016 following proper extension granted by this Court.

## ISSUE PRESENTED

ISSUE ONE: THE JUDGMENT CONTAINS AN INCORRECT CALCULATION OF COURT COSTS.

---

[1]  References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

2

## STATEMENT OF THE FACTS

Appellant was indicted in Cause Number 007-1422-15 and charged with the first degree felony offense of possession of a controlled substance with intent to deliver, specifically on September 3, 2015 he possessed four grams or more of cocaine but less then 200 grams wit the intent to deliver. I CR 4; see TEX. HEALTH & SAFETY CODE ANN. §481.112(a) and (d) (West 2015). The first degree punishment range was enhanced with the inclusion of a previous felony conviction. I CR 4; Tex. Penal Code Ann. §12.42(c)(1) (West 2015). Mr. Erskine entered a plea of guilty without an agreement as to punishment. I CR 50; III RR 4, 17.

Following evidence and argument of counsel, the court imposed a forty year sentence, no fine and court costs. IV RR 60-61. Further discussion of relevant facts is included below.

## SUMMARY OF ARGUMENT

The error for this Court to consider involves the improper assessment of court costs.

3

ARGUMENT

ISSUE ONE, RESTATED: THE JUDGMENT CONTAINS AN INCORRECT CALCULATION OF COURT COSTS.

A. Law on Court Costs

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2015) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2015). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2015). The clerk of the trial court is required to keep a fee

record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the record, a defendant has no obligation to pay court costs. Owen, 352 S.W.3d at 547 (citing Armstrong, 340 S.W.3d at 765; Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2015).

### B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to

determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. <u>Johnson</u>, 423 S.W.3d at 390.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. <u>Johnson v. State</u>, 405 S.W.3d at 355.

## C. Application to These Facts

The judgment ordered payment of $393.00 in court costs. I CR 63. The court costs were ordered to be withdrawn from Mr. Erskine's inmate trust fund account at the Texas Department of Criminal Justice. I CR 65. The bill of costs prepared by the District Clerk totaled $393.00 in costs, with an amount owed of $393.00. I CR 78.

However, the $40 county warrant fee and $10 State Warrant Fee assessed are not supported by the record. Similarly, Mr. Erskine was not placed on probation so the $34.00 fee for DNA testing is not appropriate ly assessed. That fee is imposed is a court grants community supervision. Tex Code Crim. Proc Ann. art. 42A.352 (West 2016).

Each of the costs always assessed in felony cases are found in the bill of costs. A time payment fee was properly assessed. I CR 78; OCA Chart line 29; TEX. LOCAL GOV'T CODE §133.103 (West 2015). Mr. Erskine was committed and placed in jail initially. TEX. CODE CRIM. PROC. art. 102.011(a)(6) (West 2015).

The mandatory and discretionary fees supported by the record total $309.00. This is exactly $84 less than the bill of costs prepared. The only

items on the bill of costs not supported by the record is the warrant fees totaling $50.00 and the DNA fee for probationers. I CR 78. According to Smith County records, when Mr. Erskine was arrested on September 3, 2015, this was an on-sight arrest, and there is nothing on the record to contradict this fact. II CR PSI pages 2 and 19. An on-sight arrest indicates no warrant was issued by a magistrate invoking the two warrant fees. Mr. Erskine was never placed on probation for this charge.

## D. Remedy and Relief Requested

The fees charging a warrant arrest was improperly assessed by the court. The original judgment should be modified to reflect the true amount of court costs as assessed in the bill of costs without that fee and the judgment and order withdrawing funds should be corrected to reflect an amount of $309.00.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment of the trial court and order

withdrawing funds.

Respectfully submitted,

/s/ James Huggler

James W. Huggler, Jr.

State Bar Number 00795437

100 E. Ferguson, Suite 805

Tyler, Texas 75702

903-593-2400

903-593-3830 fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 5th day of December, 2015.


 /s/ James Huggler

James W. Huggler, Jr.



Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702



## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with TEX. R. APP. P. 9.4, specifically using 14 point Century font and contains 1,974 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler

James Huggler

10